## Case No. 3,337.

### CRAIG v. RICHARDS.

[1 Cranch, C. C. 84.][1]

Circuit Court, District of Columbia. April Term, 1802.

PRODUCTION OF COURT RECORDS.

A subpoena duces tecum will not be ordered to the clerk of a court in Virginia, to bring here original papers filed in his court.

Assumpsit for money had and received.

The defendant was indorser of Robert Alexander's note. Suit had been brought against Alexander in the Dumfries district court in Virginia, and execution returned nulla bona.

Mr. Swann testified that he was counsel for the plaintiff in that suit, and that the original note was by him filed in that cause in the district court at Dumfries. That he was well acquainted with the handwriting of the defendant, and that the indorsement of that note appeared to him to be in the defendant's handwriting.

E. J. Lee, for defendant, contended that a subpoena duces tecum might issue to the clerk of the Dumfries district court to bring in the note.

But THE COURT, being inclined to think that they could not compel the clerk to bring his records out of Virginia, refused to instruct the jury that it was necessary for the plaintiff to produce the original note.

Bill of exceptions taken, but no writ of error was prosecuted.

## Case No. 3,338.

### CRAIG v. SMITH et al.

[2 Dill. 375.][2]

Circuit Court, D. Kansas. June 5, 1873.

PATENTS—"WELL-TUBE"—VALIDITY.

Plaintiff's patent for improved well-tube, sustained.

[See note at end of case.]

[This was a bill in equity by Samuel F. Craig against Jacob Smith and Hale for the alleged infringement of letters patent No. 65,648, granted to plaintiff June 11, 1867.]

Mr. Ennis, for plaintiff.

Mr. Williams, for defendants.

DILLON, Circuit Judge. On the 11th day of June, 1867, the plaintiff received a patent for an improved well-tube, and files a bill charging the defendants with infringing his patent, and asking an account of profits and an injunction.

The answer denies that the plaintiff was the original and first inventor; states the invention claimed by the plaintiff was previously invented by one Rabbit, and others, and denies the alleged infringement, though the defendants admit that they have used a well-tube of the character they describe.

Upon the evidence before us, the court is not able to say that it has been established that the plaintiff is not the original and first inventor of the combination and arrangement claimed by him to be new.

It seems to us that the value of the plaintiff's invention consists in the wire gauze securely fastened to the outside of the perforated well-tube; and that the tube used by the defendants is made upon substantially the same principle. The use of wire, instead of solder, to fasten or secure the screen or gauze in its place, does not prevent the defendants' tube from being an infringement of the plaintiff's. The principal doubt we have had relates not to the priority or value of the plaintiff's invention, but to the sufficiency of the description of his claim; but we have thought it our duty to resolve the doubt in favor of the patentee. On the whole, we think the plaintiff entitled to an injunction, and to an account of damages and profits.

Ordered accordingly.

[NOTE. There was a reference to a master, who reported December 12, 1873, and on the same day leave was granted to defendants to file a petition for rehearing. This was filed January 21, 1874. On January 24, 1874, a supplemental petition was filed. On April 27, 1874, Craig answered the petition and supplement, and on June 9, 1874, defendants replied, whereupon the court ordered that the petition stand for a bill of review, and that the other pleadings have the same effect as if filed thereon. Thereafter, on the hearing, the bill of review was sustained, the original decree reversed, and the bill dismissed. See Case No. 3,339.]